IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. LEVY,

        Plaintiff,

     vs.

BURGER KING, INC.,

        Defendant.
_____/

No. 2:13-cv-1019-TLN-EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

     This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *See* Dckt. No. 2. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

     Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

1

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

(3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

  Plaintiff's complaint alleges that on or before June, 30, 2012, one of defendant's female employees "bullied, defamed, banned, falsely imprisoned her and discriminated against her in the presence of several customers and millions of students at University of California at Los Angeles (UCLA) for more than five minutes." Compl., Dckt. No. 1, at 1. Plaintiff alleges that she was a customer at defendant's store and that, even though defendant had three TVs, defendant refused to change the television channel to E! so that plaintiff could watch Keeping up with the Kardashians. *Id.* Plaintiff alleges that defendant changed the channel for another customer, though. *Id.* Plaintiff contends that defendant "assaulted, battered and sexually harassed her by means of touching" and that defendant "startled her and caused her trauma," leading her to "sustain physical injuries on her neck and shoulders as well as an asthma attack." *Id.* at 2.

  Plaintiff adds that false imprisonment and "ousting someone from an activity, a job, TV, program, opportunity etc. for no apparent reason [are] bullying," and that "some women have bullied [plaintiff] all her life for not aging." *Id.* She contends she has "suffered at least 50 wrongful terminations and 5000 refusals at the hands of women," that "she can no longer work outside her home because some women bully her whenever they see or hear her voice," and that "anytime she becomes interested in a man, some women begin to brainwash him and plot crimes against her and the man." *Id.* at 2, 3. She adds that four women banned her from volunteering

3

and stole her priceless possessions in 2011 and three other women kidnapped her child in 2003. *Id.* at 2. According to plaintiff, "since then she began to promote the economy by suing corporations for acts of discriminations on behalf of all children." *Id.* at 2. Plaintiff believes "she should be commended for reporting Defendants to courts and promoting the economy" and she "deserves an accolade from federal courts." *Id.* at 3. As a result of her efforts, "[m]ore than two hundred defense attorneys have been hired." *Id.*

Plaintiff contends defendant discriminated against her on the basis of her national origin and disability, in violation of the Civil Rights Act, 42 U.S.C. § 2000a, and the Americans with Disabilities Act. *Id.* at 4. Plaintiff contends she is Nigerian-American and that she has a "physical disability." *Id.* at 3, 4. Plaintiff seeks five million dollars, future medical treatment for her injuries, and punitive damages. *Id.* at 4.

It does not appear from plaintiff's complaint that this court has subject matter jurisdiction over plaintiff's claim(s). Plaintiff contends that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, but she does not establish the citizenship of either plaintiff or defendant, or that such citizenship is diverse. She says nothing about her own current citizenship (other than stating that she was born in Florida, *id.* at 4), and contends only that "defendant is incorporated in Florida." *Id.*; *see also* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business") (emphasis added).

Nor is it clear how the facts alleged in the complaint would give rise to a federal claim. To the extent plaintiff purports to state a claim under 42 U.S.C. § 2000a (Title II of the Civil Rights Act of 1964), that claim fails because plaintiff has not alleged that she was denied full and equal enjoyment of defendant's "goods, services, facilities, privileges, advantages, and accommodations" due to discrimination based on her race, color, religion, or national origin. *See* 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public

1  accommodation, as defined in this section, without discrimination or segregation on the ground
2  of race, color, religion, or national origin."). Although plaintiff states in a conclusory manner
3  that she was discriminated against on the basis of her national origin and disability, she has not
4  alleged any facts that would demonstrate that such a claim is plausible on its face.
5      Also, to the extent plaintiff purports to state a claim under the Americans with
6  Disabilities Act ("ADA"), the claim fails because plaintiff does not sufficiently allege that she is
7  disabled within the meaning of the ADA, and she does not allege any plausible connection
8  between her purported disability and defendant's alleged conduct. *See* 42 U.S.C. § 12102(1)
9  (The ADA defines a disability as (1) a physical or mental impairment that substantially limits
10  one or more major life activities; (2) a record of such an impairment; or (3) being regarded as
11  having such an impairment.). Moreover, the only remedy under Title III of the ADA, 42 U.S.C.
12  § 12182, is injunctive relief.
13      Finally, to the extent plaintiff's claim is brought under 42 U.S.C. § 1983, that claim must
14  be dismissed because plaintiff fails to allege that defendant was a state actor or was otherwise
15  acting under color of law, she fails to identify the constitutional rights that defendant allegedly
16  violated, and she fails to explain how defendant's actions resulted in the deprivation of any
17  constitutional right. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983,
18  plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that
19  the violation was committed by a person acting under the color of state law).
20      Moreover, the court notes that this complaint appears to be one of several hundred
21  complaints that plaintiff has filed throughout the country that have been determined to be
22  frivolous. *See Ajuluchuku-Levy v. Schleifer,* 2009 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009)
23  ("[A] survey of the dockets of the United States district courts reveals that as of the date of this
24  Order, Plaintiff has commenced two hundred fifty-eight (258) actions in various district courts
25  across the United States. Several district courts have noted that "the 'overwhelming majority' of
26  cases filed by plaintiff have been totally without merit.") (quoting *Ajuluchuku v. Southern New*

1  *England School of Law*, 2006 WL 2661232, at *3 (N.D. Ga. Sep. 14, 2006)).  In light of
2  plaintiff's frivolous allegations herein, as well as her history of filing frivolous actions
3  containing many of the same allegations, the court will recommend that this action be dismissed
4  without leave to amend pursuant to 28 U.S.C. § 1915(e)(2).[1]  *Noll v. Carlson*, 809 F.2d 1446,
5  1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave
6  to amend should not be granted where it appears amendment would be futile).

7  Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in
8  forma pauperis, Dckt. No. 2, is granted.

9  IT IS FURTHER RECOMMENDED that:

10  1. Plaintiff's complaint be dismissed without leave to amend; and

11  2. The Clerk be directed to close this case.

12  These findings and recommendations are submitted to the United States District Judge
13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
14  after being served with these findings and recommendations, any party may file written
15  objections with the court and serve a copy on all parties.  Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
17  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
18  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19  Dated:  June 19, 2013.

            EDMUND F. BRENNAN
            UNITED STATES MAGISTRATE JUDGE

---

[1] On June 14, 2013, plaintiff filed a "motion to supplement" numerous complaints and amended complaints she has filed in this court, including the complaint in the present action. Dckt. No. 3.  However, plaintiff has not filed an amended complaint herein, and nothing in her "motion to supplement" provides a basis for this court's jurisdiction or a basis for providing plaintiff leave to amend.